# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Bankruptcy Case No. 16 B 28526 |
| FARES F. FAKHURI, | ) | |
| Debtor. | ) | Honorable Janet S. Baer |
| | ) | |
| OLD REPUBLIC NATIONAL TITLE INSURANCE COMPANY, | ) | Adversary Case No. 16 A 00624 |
| Plaintiff, | ) | |
| v. | ) | |
| FARES F. FAKHURI, | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

Plaintiff Old Republic National Title Insurance Company ("Old Republic") filed a two-count adversary complaint against debtor-defendant Fares F. Fakhuri ("Fakhuri"), seeking a determination that a judgment debt owed to it by Fakhuri is nondischargeable pursuant to 11 U.S.C. §§ 523(a)(2)(A) and (a)(2)(B).[1] The matter is now before the Court on Old Republic's motion for summary judgment on both counts of the complaint. For the reasons set forth below, the Court finds that there are no genuine issues of material fact and that Old Republic is entitled to judgment as a matter of law on Count I, the § 523(a)(2)(A) claim. As such, Old Republic's motion as to Count I will be granted, and judgment will be entered on that count in Old Republic's favor. Old Republic's motion as to Count II, the § 523(a)(2)(B) claim, will be dismissed.

---

[1] Unless otherwise noted, all statutory and rule references are to the Bankruptcy Code, 11 U.S.C. §§ 101 to 1532, and the Federal Rules of Bankruptcy Procedure.

## BACKGROUND

The material facts in this case are gleaned from the docket, the pleadings, and the summary judgment statement and response, as well as the exhibits attached thereto. Among these documents is Old Republic's statement of material facts in support of its motion for summary judgment ("SOF"). (*See* Adv. No. 16-00624, Dkt. No. 16.[2]) Many of the facts that follow come from this document and are deemed admitted because Fakhuri failed to either refute Old Republic's facts or file his own statement of undisputed facts. *See* L.R. 7056-2(B) (explaining that "[a]ll material facts set forth in the statement required of the moving party will be deemed to be admitted unless controverted by the statement of the opposing party").

Fakhuri is the president of Midwest Auto Brokers, Inc. ("Midwest"). (SOF ¶ 10). On September 20, 2004, he conveyed the property at 15050 South Independence Boulevard in Lockport, Illinois (the "Property"), to Midwest via quit claim deed, which was recorded in Will County on October 13, 2004. (*Id.* ¶ 9; Pl.'s Ex. A.) Several years later, on October 1, 2008, Midwest conveyed the Property via quit claim deed to Auto Gallery, Inc. ("Auto Gallery"), an entity of which Fakhuri was also the president and registered agent at the time of the conveyance. (SOF ¶¶ 10 & 13; Pl.'s Ex. B.) Subsequently, Auto Gallery executed a mortgage on the Property in favor of International Bank of Chicago ("International Bank") in the amount of $270,000; the mortgage was recorded on February 11, 2009. (SOF ¶ 11; Pl.'s Ex. C.)

About four years later, on January 28, 2013, a lawsuit was filed by Randal Swanberg ("Swanberg") against Auto Gallery in the Will County Circuit Court; Fakhuri appeared on behalf of Auto Gallery in the proceedings. (SOF ¶¶ 12 & 13; Pl.'s Ex. D.) Although the subject of the suit

---

[2] Unless otherwise noted, all docket references are to Adv. No. 16-00624.

2

is unclear from the record, Swanberg became a creditor by virtue of a judgment entered by the Will County court on August 27, 2015 in the amount of $34,237.62. (SOF ¶ 14; Pl.'s Ex. D.) Thereafter, Swanberg began post-judgment collection proceedings against Fakhuri by serving him with a citation to discover assets, and the Will County court issued a rule to show cause against him on October 26, 2015. (SOF ¶ 16; Pl.'s Ex. D.) The following day, Swanberg recorded the judgment against the Property with the Will County Recorder. (SOF ¶ 17; Pl.'s Ex. F.)

Despite the judgment recorded on the Property and the continuing collection action, Fakhuri arranged for the sale of the Property to Lewis University, the closing of which occurred on October 30, 2015. (SOF ¶ 18.) At the time of the sale, Fakhuri did not disclose either the judgment or the collection proceedings affecting the Property. (Id. ¶ 32.) The Property was conveyed to Lewis University via a Special Warranty Deed, which guaranteed that Fakhuri had not done anything to encumber the Property. (Id. ¶¶ 18 & 19; Pl.'s Ex. G.) Fakhuri also executed other documents at the time of closing, namely the Personal Undertaking (GAP) and the Affidavit of Title, both of which represented that there were no issues with the title to the Property. (SOF ¶¶ 23-30; Pl.'s Exs. H & I.)

In anticipation of the conveyance of the Property, Old Republic ran a title search on October 26, 2015, the day before Swanberg recorded his judgment on the Property. (SOF ¶¶ 15 & 17.) Old Republic then forwarded the funds to pay off the mortgage on the Property held by International Bank in the amount of $237,106.06, and Fakhuri received the balance of the purchase price of $83,172.29. (Id. ¶¶ 33-35.) On November 23, 2015, the Special Warranty Deed was recorded in favor of Lewis University, and Old Republic issued the title policy for the sale of the Property. (Id. ¶¶ 36 & 37; Pl.'s Exs. G & K.) Upon discovery of the title defect that had been undisclosed by

3

Fakhuri, Old Republic filed a lawsuit on May 18, 2016 in the DuPage County Circuit Court against Fakhuri for breach of warranty, breach of personal undertaking, breach of affidavit of title, and common law fraud. (SOF ¶ 39; Pl.'s Ex. L.) On July 18, 2016, a default judgment was entered against Fakhuri in the amount of $34,865.46 and was filed with the DuPage County Recorder on August 2, 2016. (SOF ¶ 42 & 43; Pl.'s Ex. O.)

About a month later, on September 6, 2016, Fakhuri filed his chapter 7 petition. Old Republic filed this adversary complaint on October 17, 2016, objecting to the dischargeability of its debt pursuant to §§ 523(a)(2)(A) and (a)(2)(B). Old Republic subsequently filed the instant motion for summary judgment on both counts of the complaint. Rather than filing a response to the motion, Fakhuri filed a motion for judgment on the pleadings,[3] which the Court, upon Fakhuri's request, has considered as a response to Old Republic's motion for summary judgment. After Old Republic filed a reply to Fakhuri's response, the Court took the matter under advisement.[4] Having reviewed all of the relevant documents, exhibits, arguments, and case law, the Court is now ready to rule.

## SUMMARY JUDGMENT

Summary judgment is appropriate when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a) (made applicable to

---

[3] The motion for judgment on the pleadings filed by Fakhuri's attorney contains no information that contradicts Old Republic's version of the facts or is, in any way, responsive to the arguments set forth in the motion for summary judgment. Not only does Fakhuri's motion fail to address the facts and arguments advanced by Old Republic, but the Court has discovered that the motion, nearly in its entirety, was copied directly from the judicial opinion *In re Ortiz*, 441 B.R. 73 (Bankr. W.D. Tex. 2010). Many courts, including this one, condemn "the practice of 'cutting and pasting' from judicial opinions without appropriate attribution." *A.L. v. Chi. Pub. Sch. Dist. # 299*, No. 10 C 494, 2012 WL 3028337, at *6 (N.D. Ill. July 24, 2012) (collecting cases). Based on Fakhuri's counsel's apparent use of such a practice here, the Court will require him to appear to explain why his fees for work on the motion should not be disgorged.

[4] Prior to taking the instant matter under advisement, the Court gave Fakhuri one final opportunity to file his own statement of facts. No such statement was filed.

4

adversary proceedings by Fed. R. Bankr. P. 7056). The primary purpose of the summary judgment procedure is to avoid unnecessary trials where no material facts are in dispute. *See Trautvetter v. Quick*, 916 F.2d 1140, 1147 (7th Cir. 1990); *Farries v. Stanadyne/Chi. Div.*, 832 F.2d 374, 378 (7th Cir. 1987) (quoting *Wainwright Bank & Trust Co. v. Railroadmens Fed. Sav. & Loan Ass'n of Indianapolis*, 806 F.2d 146, 149 (7th Cir. 1986)). Thus, on a motion for summary judgment, the court must decide, based on the evidence, whether there is a material disputed fact that requires a trial. *Kodish v. Oakbrook Terrace Fire Prot. Dist.*, 604 F.3d 490, 507 (7th Cir. 2010); *Payne v. Pauley*, 337 F.3d 767, 770 (7th Cir. 2003). A genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Where the material facts are not in dispute, the only issue is whether the moving party is entitled to judgment as a matter of law. *ANR Advance Transp. Co. v. Int'l Bhd. of Teamsters, Local 710*, 153 F.3d 774, 777 (7th Cir. 1998).

A review of the documents filed by the parties in connection with Old Republic's motion for summary judgment reveals that there are no material facts in dispute, and neither Old Republic nor Fakhuri argues otherwise. Thus, the only question to be considered is whether Old Republic is entitled to judgment as a matter of law.

In its motion for summary judgment, Old Republic contends that it is entitled to judgment as a matter of law under both counts of its complaint. Setting forth the same facts to support both counts, Old Republic states that Fakhuri knew that there were active collections against him in connection with the Property and that he made representations which led Old Republic to believe that title to the Property was clear. Old Republic additionally alleges that the DuPage County court made a finding in the litigation giving rise to Old Republic's debt that Fakhuri committed fraud.

5

These arguments are further discussed below.

Fakhuri provides little argument in the motion he filed in response to Old Republic's motion. In fact, the only contentions that Fakhuri sets forth are: (1) that summary judgment cannot be granted as to the § 523(a)(2)(A) claim because the written judgment of the DuPage County court is not an oral statement; and (2) that summary judgment cannot be granted as to the § 523(a)(2)(B) claim because the documents signed by Fakhuri do not constitute written statements respecting his financial condition. Both the first contention and the remainder of the content of Fakhuri's filing are not responsive to Old Republic's arguments.

## JURISDICTION

The Court has jurisdiction to determine the interests of the parties in this matter. That jurisdiction is conferred by 28 U.S.C. § 1334 and Internal Operating Procedure 15(a) of the United States District Court for the Northern District of Illinois. The matter is a core proceeding under 28 U.S.C. § 157(b)(2)(I).

## DISCUSSION

In its complaint, Old Republic seeks a determination that the debt owed to it by Fakhuri is nondischargeable pursuant to §§ 523(a)(2)(A) and (a)(2)(B). These subsections provide limited and specific exceptions to the dischargeability of debts. Exceptions to discharge must be construed strictly against a plaintiff and liberally in favor of the debtor. *Stamat v. Neary*, 635 F.3d 974, 979 (7th Cir. 2011). "Section 523(a) is to be narrowly construed so as not to undermine the Code's purpose of giving the honest but unfortunate debtor a fresh start." *Shriners Hosp. for Children v. Bauman (In re Bauman)*, 461 B.R. 34, 44 (Bankr. N.D. Ill. 2011) (internal quotation omitted). As the party seeking to establish an exception to discharge, Old Republic bears the burden of proof on

its claims by a preponderance of the evidence. *Grogan v. Garner*, 498 U.S. 279, 291 (1991); *In re Bero*, 110 F.3d 462, 465 (7th Cir. 1997).

Old Republic first contends that it is entitled to judgment as a matter of law under § 523(a)(2)(A).[5] That statute excepts from discharge any debt "for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by . . . false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition[.]" 11 U.S.C. § 523(a)(2)(A). Three separate grounds for dischargeability are included under § 523(a)(2)(A): false pretenses, false representation, and actual fraud. Although Old Republic mentions fraud,[6] both the complaint and the motion for summary judgment indicate that Old Republic is pursuing the false pretenses and false representation prongs of § 523(a)(2)(A).

To except the judgment debt from discharge based on false pretenses or false representation under § 523(a)(2)(A), Old Republic must show by a preponderance of the evidence that: (1) Fakhuri made a false representation or omission of fact, (2) which Fakhuri (a) either knew was false or made with reckless disregard for its truth, and (b) made with an intent to deceive, (3) upon which Old Republic justifiably relied. *See Reeves v. Davis (In re Davis)*, 638 F.3d 549, 553 (7th Cir. 2011); *see also Grogan*, 498 U.S. at 291. All three elements must be met in order for Old Republic to prevail. *Glucona Am., Inc. v. Ardisson (In re Ardisson)*, 272 B.R. 346, 357 (Bankr. N.D. Ill. 2001).

---

[5] According to Old Republic, judgment should be entered in its favor pursuant to § 523(a)(2)(A) because the DuPage County court's findings satisfy the elements required for nondischargeability under that statutory exception. The judgment entered by that court, however, is a simple default order, which includes no factual findings. This Court declines to give the default order preclusive effect. *See Clear Channel Outdoor, Inc. v. Nikitas (In re Nikitas)*, 326 B.R. 127, 133 (Bankr. N.D. Ill. 2005) ("Illinois adheres to the majority rule: default judgments have no collateral estoppel effect."). Rather, as discussed *infra*, the Court finds in Old Republic's favor as to the § 523(a)(2)(A) claim based on the facts presented in this matter.

[6] Old Republic asserts that the DuPage County court issued a "judgment for default and [f]raud." (Pl.'s Mem. in Supp. of Mot. for Summ. J., Dkt. No. 16, p. 5.)

7

First, a false representation is an express misrepresentation that can be demonstrated either by a spoken or written statement or through conduct. *New Austin Roosevelt Currency Exch., Inc. v. Sanchez (In re Sanchez)*, 277 B.R. 904, 908 (Bankr. N.D. Ill. 2002); *Rae v. Scarpello (In re Scarpello)*, 272 B.R. 691, 700 (Bankr. N.D. Ill. 2002). "[A] debtor's silence regarding a material fact can constitute a false representation" as well. *Zamora v. Jacobs (In re Jacobs)*, 448 B.R. 453, 471 (Bankr. N.D. Ill. 2011) (internal quotation omitted). Like false representations, false pretenses do not require overt misrepresentations. *Mem'l Hosp. v. Samara (In re Samara)*, 192 B.R. 922, 928 (Bankr. N.D. Ill. 1996). Rather, "omissions or a failure to disclose on the part of the debtor can constitute misrepresentations" for purposes of false pretenses, "where the circumstances are such that omissions or failure to disclose create a false impression which is known by the debtor." *Id.* A creditor can also satisfy the first element of a claim of false pretenses by showing that the debtor concealed a material fact. *See Deady v. Hanson (In re Hanson)*, 432 B.R. 758, 772 (Bankr. N.D. Ill. 2010), *aff'd*, 470 B.R. 808 (N.D. Ill. 2012).

Second, to prevail under § 523(a)(2)(A), Old Republic must prove that Fakhuri subjectively intended to deceive Old Republic at the time the misrepresentations were made. *See Gasunas v. Yotis (In re Yotis)*, 548 B.R. 485, 495 (Bankr. N.D. Ill. 2016). Because direct proof is rarely available, intent to deceive "may be determined from the totality of the circumstances of a case and may be inferred when the facts and circumstances present a picture of deceptive conduct on the debtor's part." *Cent. Credit Union of Ill. v. Logan (In re Logan)*, 327 B.R. 907, 911 (Bankr. N.D. Ill. 2005) (internal quotation omitted). Thus, where a debtor knowingly or recklessly made false representations that he knew or should have known would induce another to act, the court can infer

8

an intent to deceive. *Hickory Point Bank & Trust, FSB v. Kucera (In re Kucera)*, 373 B.R. 878, 884 (Bankr. C.D. Ill. 2007).

Finally, reliance on a false pretense or false representation under § 523(a)(2)(A) must be "justifiable." *Field v. Mans*, 516 U.S. 59, 70-71 (1995). Justifiable reliance is subjective; what is justifiable depends on the characteristics of the particular plaintiff and the circumstances of the particular case. *Id.* at 71; *Bombardier Capital, Inc. v. Dobek (In re Dobek)*, 278 B.R. 496, 508 (Bankr. N.D. Ill. 2002). The requirement that reliance be justifiable imposes no affirmative duty to investigate unless "the falsity of the representation is easily detectable," *Dobek*, 278 B.R. at 508, but a creditor cannot "bury his head in the sand" and "ignore obvious falsehoods." *Bletnitsky v. Jairath (In re Jairath)*, 259 B.R. 308, 315 (Bankr. N.D. Ill. 2001) (internal quotation omitted).

As to the first element of the false pretenses and false representation prongs, Old Republic has shown that Fakhuri made representations or omitted facts regarding title to the Property. Fakhuri was in litigation with Swanberg for more than two years preceding the sale of the Property to Lewis University. As of August 2015, Swanberg had a judgment against Fakhuri for over $34,000, and Fakhuri was subsequently served with a citation to discover assets and a rule to show cause. Swanberg recorded the Will County judgment against the Property on October 27, 2015, the day after Old Republic ran a title search on the Property in anticipation of the conveyance. As a result of this timing, Old Republic was unable to discover for itself the issues with the Property's title.

Ultimately, Fakhuri failed to disclose any of the actions against him or the Property. In fact, Fakhuri affirmatively represented that title was clear, through the execution of the documents at closing–the Special Warranty Deed, the Personal Undertaking (GAP), and the Affidavit of Title. Throughout the transaction of the sale of the Property, Fakhuri was not forthcoming about either the

judgment against him or the clouded title. Both Fakhuri's silence as to the title issues and the affirmative written misrepresentations which led Old Republic to believe that there were no defects with the title satisfy the first element under the false pretenses and false representation prongs of the statutory exception. *See Jacobs*, 448 B.R. at 471; *Scarpello*, 272 B.R. at 700.

As to scienter, which requires that Fakhuri made the representations with a fraudulent intent, Old Republic has established this element as well. In many instances, the evidence presented at the summary judgment stage is insufficient to make a finding of fraudulent intent by the debtor. *Lazaron v. Lucas (In re Lucas)*, 386 B.R. 332, 338 (Bankr. D.N.M. 2008) ("Rarely is it appropriate to grant summary judgment on a claim for non-dischargeability based on 11 U.S.C. § 523(a)(2)(A) because intent to defraud often depends upon the credibility of witnesses."). In the instant case, however, Old Republic has demonstrated that Fakhuri acted with fraudulent intent based on the totality of the circumstances. *See Logan*, 327 B.R. at 911. Fakhuri knew about the Will County litigation, as it had been pending for more than two years before the sale of the Property, and he had been served with court documents throughout the proceedings. Despite this knowledge, Fakhuri not only concealed the existence of the litigation, but also affirmatively told Lewis University and Old Republic that there were no issues with title. Further, Fakhuri has not contested the matter of intent, nor presented any evidence of a nonfraudulent state of mind. Accordingly, the Court concludes that Fakhuri intended to make misrepresentations regarding title to the Property in selling it to Lewis University.

The third and final element, that Old Republic was justified in relying on Fakhuri's misrepresentations, has also been satisfied. Old Republic ran its own title search on the Property four days before the closing. Because that search was run the day prior to Swanberg recording his judgment on the Property, Old Republic was unaware of the existence of the judgment. Thus, Old

Republic had to rely on only the information about the Property that it was able to gather independently, as well as the representations made by Fakhuri. Old Republic did not "bury its head in the sand" or "ignore obvious falsehoods" but instead actively investigated the title to the Property. *See Jairath*, 259 B.R. at 315. Fakhuri had a duty to inform Old Republic of any defects with title but failed to do so. Old Republic was therefore justified in relying on Fakhuri's representations that title to the Property was clear, as it was otherwise unable to discover the defect on its own.

In short, Fakhuri's deliberate silence as to material facts in connection with the state of title to the Property and the collection efforts against him and his affirmative promises that there were no such issues "present a picture of deceptive conduct" on Fakhuri's part, and the totality of the circumstances suggests that he intended to cheat or otherwise deceive Old Republic.

Based on the foregoing, the Court concludes that the facts presented satisfy all of the elements required for nondischargeability pursuant to the false pretenses and false representation prongs of § 523(a)(2)(A). Therefore, the motion for summary judgment as to Count I will be granted in Old Republic's favor.

Because Old Republic is entitled to judgment as a matter of law on the § 523(a)(2)(A) claim, the case law suggests that it may not prevail on the § 523(a)(2)(B) claim because the two statutory exceptions are mutually exclusive. *See Landmark Credit Union v. Sharp (In re Sharp)*, 561 B.R. 673, 679 (Bankr. N.D. Ill. 2016). As such, judgment will be entered in favor of Old Republic on Count I only, and Count II will be dismissed.

## CONCLUSION

For the foregoing reasons, the Court finds that, as a matter of law, the debt at issue is excepted from discharge pursuant to § 523(a)(2)(A). Accordingly, Old Republic's motion for

summary judgment on Count I will be granted, and judgment will be entered on that count of the adversary complaint in favor of Old Republic. Old Republic's motion for summary judgment on Count II, the § 523(a)(2)(B) claim, will be dismissed. A separate order will be entered consistent with this Memorandum Opinion.

Dated: **May 8, 2018**          **ENTERED:**

_____
Janet S. Baer
United States Bankruptcy Judge